**UNITED STATES of America,**
**Appellee,**

v.

**Ramon ALGEA, aka Indio,**
**Defendant–Appellant.**

**No. 00–1343.**

United States Court of Appeals,
Second Circuit.

Oct. 15, 2001.

Sarah A. Chambers, Assistant Federal Public Defender, New Haven, CT; Dalit Yarden Krug, on the brief, for Thomas G. Dennis, Federal Public Defender, for appellant.

Robert M. Appleton, Assistant United States Attorney, Bridgeport, CT, for Stephen C. Robinson, United States Attorney for the District of Connecticut, for appellee.

Present FEINBERG, LEVAL and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United

States District Court for the District of Connecticut (Alan H. Nevas, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Ramon Algea appeals from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge* ), convicting him of the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to fifteen years' imprisonment pursuant to 18 U.S.C. § 924(e). Defendant, a member of the Connecticut-based "Latin Kings" narcotics trafficking organization, pled guilty to count one of the indictment in this case, charging unlawful possession of a firearm by a convicted felon. According to his Pre–Sentence Report, and as found by the district court, defendant had four separate prior felony narcotics convictions, thereby triggering § 924(e)'s sentence enhancement. Whereas, without the enhancement, defendant would have received a maximum term of imprisonment under § 922(a)(2) of ten years, the district judge sentenced him to fifteen years imprisonment, § 924(e)'s mandatory minimum.

Defendant claims on appeal that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because § 924(e) raises the statutory maximum penalty above that available under § 922(a)(2) alone, the predicate facts required under § 924(e)—that the defendant have "three previous convictions" and that those convictions be "committed on occasions different from one another"—form elements of a separate, aggravated offense which must therefore be charged in an indictment, and found by a jury beyond a reasonable doubt.

■ Appellant's argument fails for the reasons stated in our opinion published today in *United States v. Santiago* (98 1674). As we hold in *Santiago*, under § 924(e) both the fact that the defendant has three prior convictions, and the fact that they were committed on separate occasions, are sentencing factors to be determined by a judge, not elements of a crime. Therefore, they need not be charged in an indictment and found by a jury beyond a reasonable doubt. The district court thus properly sentenced defendant to the mandatory minimum prison term of fifteen years.

■ Appellant also argues that the district court erred by denying defendant's motion for substitution of appointed counsel prior to sentencing without "making any inquiry into Mr. Algea's reasons for requesting a new attorney." Notably, defendant does not claim on appeal that his attorney was constitutionally ineffective, but simply challenges the district court's refusal to appoint substitute counsel without conducting what defendant feels was an adequate inquiry into the reasons defendant asked for the substitution. The decision to appoint substitute counsel is left to the sound discretion of the district court, *see United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir.2001), and the record abundantly demonstrates that this discretion was not abused here. Moreover, while the district court's inquiry at the sentencing hearing could have been more thorough, we believe it was sufficient, and even if not, any insufficiency was certainly harmless, as defendant has pointed to no reasons supporting substitution which would have been elicited by a more searching inquiry. *See McKee v. Harris*, 649 F.2d 927 (2d Cir.1981).

■ Finally, defendant argues that Fairfield police officers violated Connecticut law when they arrested him outside of

**16**

their territorial jurisdiction, and that for this reason the evidence obtained incident to that arrest should have been excluded. As we have previously held, federal law governs the exclusion of evidence in a federal prosecution, and absent a violation of federal law there is no ground for such exclusion. *See United States v. Pforzheimer*, 826 F.2d 200, 204 (2d Cir.1987).

For the foregoing reasons, the judgment and sentence of the district court are hereby AFFIRMED.